Willie Reed **TAYLOR** et al., Plaintiffs,

v.

The **COAHOMA COUNTY SCHOOL DIS-TRICT** et al., Defendants.

No. DC 69–8–S.

United States District Court,
N. D. Mississippi,
Delta Division.

June 27, 1972.

See also D.C., 330 F.Supp. 174.

---

Melvyn R. Leventhal of Anderson, Banks, Nichols & Leventhal, Jackson, Miss., for plaintiffs.

William H. Maynard of Maynard, Fitz-Gerald, Maynard & Bradley, Clarksdale, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the Court on plaintiffs' motion for supplementary relief and on motion of defendant Board of Education of Coahoma County, Mississippi (Board) for Court approval of its plan to close the Friars Point Attendance Center, and dispose of its real property.

The Court held an evidentiary hearing on the issues created by the two motions at the United States Courthouse in Clarksdale, Mississippi on March 29, 1972.

At the conclusion of the hearing the Court rendered an oral opinion from the bench in which the Court held that the evidence presented to the Court was such as to justify the Court in approving the actions of the Board in the closing of the school and the sale of the real property, but reserved for a later decision plaintiffs' proposal that the conveyance by the Board to the successful bidder contain a covenant that the purchaser would not use the property for the operation of a racially segregated private school, and also, a reverter clause to the effect that should the purchaser, or anyone succeeding to his interest in the property, violate the covenant, the title to the property would automatically revert to the grantor.

The Board timely adopted, in the manner and form as required by statutes of the State of Mississippi, a resolution declaring its intention to abandon the property and to dispose of it as surplus property. After advertising the bids as required by law, John B. McKee and Margaret McKee, partners doing business under the partnership name of J & M McKee, submitted a bid of $55,000 for the property. The Board in an appropriate resolution spread upon its minutes found the bid to be fair and reasonable, it being the only bid received, and declared its intention to accept the same, subject only to the approval of the Court.

Mr. McKee testified at the hearing and assured the Court that he intended to use the property in his farming operation for general offices, warehouses and shops, and disavowed any intention to devote the property to the use of private schools.

In response to the Court's inquiry Mr. McKee stated that while he would prefer an unencumbered conveyance he would close the transaction and accept a conveyance which restricted the use of the property for private school purposes for a period of ten years.

The Court elected to withhold its decision on the issue until the United States Court of Appeals for the Fifth Circuit acted upon the petition for rehearing in McNeal v. Tate County School District, 460 F.2d 568. *McNeal* involved the validity of a sale of the Thyatira School property in Tate County, Mississippi by the Tate County School Board to a group of citizens who intended to establish a private school on the property. The original opinion was rendered on September 17, 1971 and directed this Court to vacate its order approving the sale and to enter an order invalidating the sale and directing reconveyance of the property to the School District.

The Fifth Circuit, however, on June 7, 1972, amended its former opinion to provide that this Court vacate the order of approval and enter a new order approving the sale but enjoining the present owners of the property from using the same for the operation of a private school on a discriminatory basis.

The Court has now given further consideration to the request of the Board for the approval of the sale, in light of *McNeal* and also in light of the Fifth Circuit's decision in Wright v. City of Brighton, Ala., 441 F.2d 447 (5th Cir. 1971), to which the McNeal Court made reference.

The Board takes the position that it had the legal and constitutional right to dispose of the property, without interference by this Court, unless it appears that there is a reasonable probability that the property may hereafter be used for private school purposes.

■ It is clear to the Court that when surplus school property is sold by a school district to a private school, or to any other party under such circumstances as will lead a careful and cautious person to believe that the ultimate use of the property may be that of a private school which practices discrimination in the operation thereof, the Court should take such steps as are reasonably necessary to insure that the property will not be used in a manner which will interfere with or impede the efforts of the school authorities to perform their affirmative duty to operate a unitary system of schools.

■ Since the insertion of the restrictive covenant in the deed will not interfere with the sale of the property, the Court has determined that the sale should be approved, on the condition that such covenant be inserted in the conveyance. This appears to be the wise course to pursue, since by doing so, the Board will be insured, for a period of ten years, against any adverse effect which the operation of a private school would generate.

The Court does not question the good faith or sincerity of Mr. McKee, nor that of the Board, but conditions change with the passage of time, and the insertion of the restrictive covenant in the deed will operate to guarantee the status quo for the period of restriction without injury to either party.

■ The plaintiffs seek a blanket order of the Court enjoining defendants from selling or otherwise disposing of school property unless the transfer contains a restrictive covenant embodying a reverter clause which provides that the property cannot be used as a private racially segregated school and which further provides that in the event of a breach of covenant the property shall automatically revert to the school district. The Court does not feel that such an injunction is proper and the request will be denied. Each transaction must stand on its own bottom and the Court must remain free to act upon each application, as, in its judgment, the Court finds to be proper.

An order will be entered to carry into effect the Court's holdings hereinbefore set out.